United States District Court
Southern District of Texas
**ENTERED**
May 13, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00028 |
| | § | |
| MD+373, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

All pretrial matters in this case have been referred to me. *See* Dkt. 22. On May 13, 2026, I held an initial scheduling conference. During that conference, I gave the individual defendants until <u>Friday, May 22, 2026</u>, to file an answer to Plaintiff's complaint. I gave the corporate defendant, MD+373, LLC, until <u>Friday, June 5, 2026</u>, ***to appear through counsel or risk default***. Accordingly, I **DENY** Plaintiff's motion to strike (Dkt. 20) as moot.

In answering Plaintiff's complaint, the individual defendants should keep the following points in mind. Federal Rule of Civil Procedure 8(b) sets forth the requirements for responding to claims:

(1) *In General.* In responding to a pleading, a party must:

   (A) state in short and plain terms its defenses to each claim asserted against it; and

   (B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

(3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information.* A party that lacks information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b).

A general denial—that is, an answer denying all allegations in the complaint—is prohibited in all but the most exceptional of cases. *See F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-cv-269, 2021 WL 5883136, at *7 (N.D. Tex. Dec. 10, 2021). In simple terms, Rule 8(b) requires that a defendant's denial "fairly respond to the substance of the allegation" by either (1) admitting or denying the allegations asserted against it by an opposing party, or (2) stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation. "Rule 8 ensures that the plaintiff is aware of the allegations in the complaint that the defendant admits and those that he contests, so the plaintiff knows what he will need to prove at trial." *SEC v. Kirchner*, No. 4:23-cv-0147, 2023 WL 5322433, at *1 (N.D. Tex. July 14, 2023) (quotation omitted).

While a pro se litigant's petitions and pleadings are liberally construed, basic procedural pleading obligations still apply. *See F.M.D. Holdings, LLC*, 2021 WL 5883136, at *7. "'[P]ro se litigants must conform to the same rules that are no doubt more easily understood by lawyers.'" *Id.* (quoting *Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009)).

Defendants may choose to "either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Defendants may also choose, as many defendants do, to specifically deny or admit

each allegation in the complaint. Whichever route each Defendant chooses, they must "state in short and plain terms [their] defenses to each claim asserted against [them]" and "admit or deny the allegations asserted against [them]." Fed. R. Civ. P. 8(b)(1). Failure to properly answer the complaint risks any non-compliant answer being stricken and the clerk's entry of default against that defendant.

SIGNED this _13th_ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE